ORSHANSKY & YEREMIAN LLP
  A Limited Liability Partnership
ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@oyllp.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@oyllp.com
16133 Ventura Boulevard, Suite 1245
Encino, California 91436
Telephone: (818) 205-1212
Facsimile: (818) 205-1616

Attorneys for Plaintiffs SVEN SMEETS, ARAGORN
MALLORY, and JOSHUA BECKWITH
on behalf of themselves and others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVEN SMEETS, an individual, ARAGORN MALLORY, an individual, and JOSHUA BECKWITH, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PATH, INC., a Delaware corporation, and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No. CV 13-03057 WHO <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227** <br><br> **DEMAND FOR JURY TRIAL** |

1.     Plaintiffs Sven Smeets, Aragorn Mallory, and Joshua Beckwith (collectively, "Plaintiffs") bring this action on behalf themselves and all persons who received one or more unauthorized text messages from Defendant Path, Inc. ("Path" or "Defendant"), a Delaware corporation, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1331 because those claims arise under the laws of the United States.

3.     This Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Complaint occurred in California, and Defendants are authorized to do business in California, have sufficient minimum contacts with California, and otherwise intentionally avail themselves of the markets in California through the promotion, marketing, and sale of merchandise sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1391 because Defendant Path, a Delaware corporation, is headquartered in San Francisco County, California.

5.     The true names and capacities, whether individual, corporate, associate, or whatever else, of the defendants sued herein as Does 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names .  Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as Does is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as Does when their identities become known.  (As used herein, "Defendants" refers to Path and Does 1 to 50, inclusive.)

6.      Plaintiffs are informed and believe and thereon allege that each defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to the other Defendants.

## INTRADISTRICT ASSIGNMENT

7.      Pursuant to Local Rules 3-5(b) and 3-2(c), this action should be assigned to the San Francisco Division of the Northern District of California because Defendant Path resides in San Francisco County.

## FACTUAL BACKGROUND

8.      Defendants run a social network that has registered millions of users across the world.  As part of its service the company created a application, or "app," for cellphones that allows users to post photos, videos, music, text, stickers, voice, location, and so forth, to share with other users.

9.      Upon information and belief, Defendants, in an effort to promote its service and app, sent and continues to send text messages to persons who have never registered or even heard of Path using Short Message Service, or SMS, a messaging system that allows cellular telephone subscribers to use their cellphones to send and receive short text messages, usually limited to 160 characters.  An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

10.     In or around May 2013, Plaintiff Smeets received the following promotional text message from Defendants:

> Sharon Schleepen wants to show you private
>
> photos on Path.  Get the app:
>
> https://path.com/i/RmmSD

11.     This message contained a hyperlink directing Plaintiff Smeets to Defendants' website where Defendants requested Plaintiff Smeets to "Create a Path

1   Account." Below this exhortation were a number of blank fields, apparently

2   intended to be filled in by Plaintiff Smeets in order to create an account, and below

3   these fields was a clickable icon stating "Sign Up for Path."

4          12.     In or around July 7, 2013, Plaintiff Mallory received the following

5   promotional text message from SMS short code 59730, a code which upon

6   information and belief is registered to Defendants or its agents:

7                  Aj - Jon Barlow wants to share photos with you on Path!

8                  https://path.com/i/31RrNR

9          13.     The link directed the recipient to a webpage at the top of the page was a

10  photo icon with a generic photo of a man in profile, below which was an exhortation

11  to "Create a Path Account" and "Sign Up for Path."

12         14.     In or around June, 2013, Plaintiff Beckwith received a promotional text

13  message from an unidentified short code, which upon information and belief

14  belonged to Defendants or their agents. The text message did not address Plaintiff

15  Beckwith by name but stated that someone wanted to show him photos on Path and

16  implored him to get the app by clicking on a hyperlink, which directed him to a page

17  exhorting him to "Create a Path Account" and "Sign Up for Path."

18         15.     The text messages sent to Plaintiffs were advertisements written in an

19  impersonal manner because, *inter alia*, they were sent from SMS short codes that

20  were, upon information and belief, registered to Defendants or their agents, were

21  phrased in the third person, and either did not identify or else misidentified the

22  names of the recipients. Plaintiffs allege upon information and belief that

23  Defendants used equipment to mine Path users' contact lists (among other sources)

24  and send en masse to each and every one of the persons in users' contact lists a

25  generic text message imploring him or her to view photos and "get the app" and in

26  which the Path user's names and even, on occasion, the recipients' names were

27  automatically inserted in an attempt to create a personalized appearance which, upon

28  information and belief, was designed to attract the attention of recipients and also

avoid liability under the TCPA.

16.     Upon information and belief, Defendants sent promotional text messages to the contact lists of former users of Path, i.e., persons who had cancelled their accounts and thus had no intention of finding friends on Path.

17.     Prior to receiving the alleged text messages Plaintiffs had never heard of Defendants, their service, or their app, and had never consented to receive text messages from Defendants.  Moreover, Plaintiffs had no reason to be in contact with Defendants because they had no preexisting relationship with Defendants.

18.     Upon information and belief, Defendants sent, and continue to send, thousands of similar unauthorized text messages using equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.  By using such equipment, Defendants were able to effectively send thousands (if not more) text messages to lists of thousands of wireless telephone numbers without human intervention.  Upon information and belief, these text messages were made en masse through the use of short codes and without the prior express consent of Plaintiffs and other members of the putative class.

19.     Defendants did not give Plaintiffs or other recipients of these text messages the opportunity to request Defendants to cease sending such unwanted messages in the future.

20.     Plaintiffs and, upon information and belief, other putative class members were harmed owing to the inconvenience, annoyance, and invasion of privacy of receiving these unauthorized text messages, and owing to the fact that recipients, including Plaintiffs, are often charged for receiving text messages from their service providers.

## CLASS-ACTION ALLEGATIONS

21.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Procedure 23(b)(2) and 23(b)(3).  Plaintiffs seek to represent a class composed of

and defined as follows:  All persons who received one or more unauthorized text messages from Defendants.

22.     The class excludes counsel representing the class, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other putative class members.

23.     Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

24.     <u>Numerosity</u>: The proposed classes are so numerous and spread out to such a degree across the United States that individual joinder of all its members is impracticable.  Upon information and belief the classes comprise many thousands of members.  While the exact number and identities of the putative class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the class members in a single class action will provide substantial benefits to all parties and to the Court.

25.     <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of all putative class members in that Plaintiffs and putative class members suffered similar damages resulting from a single, continuing course of conduct by Defendants.

26.     <u>Adequacy of Representation</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex lawsuits and class actions.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interests adverse to the class.

/ / /

27.   <u>Superiority of Class Action and Impracticability of Individual Actions</u>:
Plaintiffs and the members of the putative class have suffered, and will continue to
suffer, harm as a result of Defendants' unlawful, fraudulent and unfair conduct.  A
class action is superior to other available methods for the fair and efficient
adjudication of the controversy.  Individual joinder of all members of the putative
class is impractical.  Even if individual members of the putative class had the
resources to pursue individual litigation, it would be unduly burdensome to the
courts to be faced with potentially hundreds of thousands individual cases.
Individual litigation magnifies the delay and expense to all parties in the court
system of resolving the controversies engendered by Defendants' common course of
conduct.  The class action device allows a single court to provide the benefits of
unitary adjudication, judicial economy, and the fair and equitable handling of all
claims of putative class members in a single forum.  The conduct of this action as a
class action conserves the resources of the parties and of the judicial system, and
protects the rights of the putative class members.

28.   <u>Common Questions of Law and Fact Predominate</u>:  Questions of law
and fact common to the claims of Plaintiffs and putative class members predominate
over any questions of law or fact affecting only individual members of the putative
class.  Common questions of law and fact include but are not limited to the
following:

a)   Whether the text messages sent by Defendants violated the TCPA;

b)   Whether Plaintiffs and the putative class members were damaged
thereby and the extent of damages for such violation;

c)   Whether Defendants and their agents should be enjoined from engaging
in such conduct in the future;

d)   Whether Defendants willfully or knowingly violated the TCPA; and

e)   Whether Plaintiffs and putative class members are entitled to treble
damages.

29.     Plaintiff's claims are typical of the claims of the class.  Plaintiff, like all putative class members, sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE TELPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

30.     Plaintiffs incorporate paragraphs 1 through 29 as though fully set forth herein.

31.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA.

32.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and all members of the putative class have suffered damages, as alleged above.

33.     Pursuant to 47 U.S.C. § 227(b)(3)(B) Plaintiffs and putative class members are entitled to the greater of their actual monetary loss or $500 for each and every violation of the TCPA.

34.     Moreover, because Defendants willfully or knowingly violated the TCPA as alleged above, Plaintiffs and putative class members are entitled to three times the amount of damages available under 47 U.S.C. § 227(b)(3)(B).

35.     Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs and the putative class are also entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for the following relief:

1.     For an order certifying this action as a class action.

2.     For actual and statutory damages.

3.     For an order enjoining Defendants from engaging in the unlawful conduct adumbrated in this Complaint.

1      4.      For an award of pre-judgment and post-judgment interest.

2      5.      For an award providing for the payment of the costs of this suit.

3      6.      For an award of attorneys' fees, to the extent provided by law.

4      7.      For such other and further relief as this Court may deem proper and

5  just.

6  DATED:      August 1, 2013                ORSHANSKY & YEREMIAN LLP

7

8                                            By /s/ Anthony J. Orshansky

9                                            Anthony J. Orshansky
                                             Attorneys for Plaintiffs and the
10                                           Putative Class

11

12                        **<u>DEMAND FOR JURY TRIAL</u>**

13          Plaintiffs hereby demands trial of their claims by jury to the extent authorized

14  by law.

15  DATED:      August 1, 2013                ORSHANSKY & YEREMIAN LLP

16

17                                           By /s/ Anthony J. Orshansky

18                                           Anthony J. Orshansky
                                             Attorneys for Plaintiffs and the
19                                           Putative Class

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT - CV 13-03057 WHO